IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CARLA ANN LYNCH,

    **Plaintiff,**

vs.                                        **CIVIL ACTION NO. 5:17-CV-01685**

BANK OF AMERICA, N.A.,

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant's ***Motion to Dismiss*** and ***Memorandum*** in support. (Document Nos. 17 and 18.) By Standing Order entered on March 9, 2017, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the Complaint and considered the particular circumstances herein, the undersigned concludes that this case must be dismissed.

## PROCEDURAL AND FACTUAL HISTORY

On February 3, 2017, Plaintiff, *pro se*,[1] filed a 15-page multi-count civil Complaint in the Circuit Court of Raleigh County, West Virginia, alleging that Defendant made misrepresentations to her involving her eligibility for a mortgage modification when she became delinquent in her monthly payments on the promissory note securing real property.[2] (Document No. 1-2.) Plaintiff sues for injunctive relief to prevent impending foreclosure of the real property, reformation of contract to reflect the true value of the real property, breach of implied covenant, promissory

---

[1] Because Plaintiff is acting *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

[2] Civil Action Number 17-C-66-K.

1

estoppel, unfair competition, rescission of contract, negligent misrepresentation, intentional misrepresentation, monetary damages, compensatory, consequential and punitive, reasonable costs and interest, and rescission and reformation of the promissory note. (Id.) Subsequently, Defendant removed this matter to this Court. (Document No. 1.)

As noted *supra*, on November 15, 2017, Defendant filed its ***Motion*** with accompanying ***Memorandum*** of law. (Document Nos. 17 and 18.) That same day, the undersigned issued a Roseboro notice[3] to Plaintiff directing her to file her response to Defendant's ***Motion*** by December 1, 2017. (Document No. 19.); Plaintiff has filed no response to Defendant's ***Motion***. Accordingly, this matter is fully briefed and ready for resolution.

### **Defendant's Argument in Support of Motion to Dismiss**

Defendant asserts that it filed its first set of discovery requests to Plaintiff on July 19, 2017. (Document No. 18 at 1.) Plaintiff failed to respond to these requests, and Defendant moved to compel on October 5, 2017. (Id.) The Court held a hearing on the motion on October 24, 2017, at which Plaintiff failed to appear; the Court called her and she advised she would not appear due to illness. (Id.) The Court entered an Order compelling Plaintiff to respond to discovery.[4] (Id. at 1-2.) Plaintiff failed to comply with the Court's Order. (Id. at 2.) Defendant argues that the Court explicitly advised Plaintiff in both the telephone call and its Order that she was required to answer Defendant's discovery requests and that dismissal of the case was a possible sanction if she failed to comply with the Court's Order. (Id.)

Defendant contends it is prejudiced by Plaintiff's failure to respond to its discovery requests because it cannot prepare for trial when it is unaware of what evidence Plaintiff intends

---

[3] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); because Plaintiff is acting *pro se*, the Court issued its Order notifying Plaintiff of her right to file a response to Defendant's Motion and further ordered that Plaintiff file any response with the Clerk of this Court. (Document No. 19.)
[4] Document No. 15.

to put forth. (Id. at 3.) Because Plaintiff failed to answer Defendant's initial discovery requests, failed to appear at the hearing concerning Defendant's ***Motion***, and now failed to comply with the Court's Order, the only appropriate sanction here is dismissal. (Id.)

## **THE STANDARD**

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure allow a Court to dismiss an action as a sanction for a party's failure to obey a discovery order. In deciding a motion to dismiss under Rule 37(b)(2)(A), the district court should consider whether: (1) the noncomplying party acted in bad faith; (2) the amount of prejudice her noncompliance caused her adversary, which necessarily includes an inquiry into the materiality of the evidence she failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

## **DISCUSSION**

As an initial matter, Plaintiff proceeded *pro se*, and in order to accommodate Plaintiff's work schedule, the undersigned specifically scheduled the hearing on Defendant's ***Motion*** at 3:30 p.m. that Plaintiff had indicated would be helpful during the undersigned's telephone call to her before the hearing.[5] The undersigned noted that her Complaint appeared to have been ghostwritten by a lawyer, and Plaintiff confirmed that the Complaint was drafted by a California law firm, but she could not recall the name of it.[6] Plaintiff also confessed to the undersigned that she did not understand the allegations contained in her Complaint, to which the undersigned emphasized to

---

[5] The undersigned informed Defendant's counsel of this telephone conversation before the hearing to avoid any appearance of impropriety and/or *ex parte* communications, as the undersigned voiced his misgivings of the Complaint to Defendant's counsel and need to reach Plaintiff directly to ensure her appearance at the hearing; Defendant's counsel had no objection to this.

[6] The act of ghostwriting appears to contravene L.E.O. 2010-01 as found by the West Virginia Lawyer Disciplinary Board.

her the importance of appearing at the hearing in order to determine what she and Defendant could reasonably resolve.

Because Plaintiff has failed to respond in any way to Defendant's requests or comply with this Court's Order, despite the Court having made reasonable accommodations to assist this *pro se* Plaintiff, dismissal under Rule 37 is appropriate.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant's *Motion to Dismiss* with prejudice (Document No. 17.), and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933

(1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff and to counsel of record.

ENTER: December 18, 2017.

Omar J. Aboulhosn
United States Magistrate Judge